1   Todd C. Ringstad (State Bar No. 97345)
    todd@ringstadlaw.com
2   Christopher A. Minier (State Bar No. 190705)
    cminier@ringstadlaw.com
3   RINGSTAD & SANDERS, LLP
    2030 Main Street, 12th Floor
4   Irvine, CA 92614
    Telephone: 949-851-7450
5   Facsimile: 949-851-6926

6   Counsel for interested party James Myron,
    individually and as trustee of the James Myron Trust
7   dated April 12, 2001

8                **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

10

11  In re                                    CASE NO. 2:09-10549 ER

12  **THE OLYMPIC ON GRAND, LLC, a**         In a Case Under Chapter 11 of the Bankruptcy
13  **California limited liability company,**  Code (11 U.S.C. § 1101 et seq.)

14
            Debtor and                       **JAMES MYRON'S AMENDED CHAPTER
15          Debtor-in-Possession.**           **11 PLAN OF REORGANIZATION FOR
                                              THE OLYMPIC ON GRAND, LLC, AS
16                                            MODIFIED**

17
                                             Plan Confirmation Hearing:
18                                           Date:   April 28, 2010
                                             Time:   10:00 a.m.
19                                           Place:  Courtroom 1568
                                                     255 East Temple Street
20                                                   Los Angeles, California 90012

21

22

23

24

25

26

27

28

*(Left margin, vertical text)* Ringstad & Sanders LLP, 2030 Main Street, 12th Floor, Irvine, California 92614, 949.851.7450

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | **INTRODUCTION** | | 3 |
| II. | **CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS** | | 5 |
| | A. | General Overview | 5 |
| | B. | Unclassified Claims | 5 |
| | | 1.    Administrative Expenses | 5 |
| | 2. | Priority Tax Claims | 6 |
| | C. | Classified Claims and Interests | 7 |
| | | 1.    Classes of Secured Claims | 7 |
| | | 2.    Classes of Priority Unsecured Claims | 17 |
| | | 3.    Class of General Unsecured Claims | 18 |
| | | 4.    Class(es) of Interest Holders | 22 |
| | D. | Means of Effectuating the Plan | 23 |
| | | 1.    The Transfer and Redevelopment of the Property | 23 |
| | | 2.    Post-Confirmation Management | 27 |
| | | 3.    Disbursing Agent | 28 |
| III. | **TREATMENT OF MISCELLANEOUS ITEMS** | | 28 |
| | A. | Executory Contracts and Unexpired Leases | 28 |
| | | 1.    Assumptions | 28 |
| | | 2.    Rejections | 29 |
| | B. | Changes in Rates Subject to Regulatory Commission Approval | 29 |
| | C. | Retention of Jurisdiction | 29 |
| IV. | **EFFECT OF CONFIRMATION OF PLAN** | | 29 |
| | A. | Discharge | 29 |
| | B. | Revesting of Property in the Debtor | 30 |
| | C. | Modification of Plan | 30 |
| | D. | Post-Confirmation Status Report | 30 |
| | E. | Quarterly Fees | 30 |
| | F. | Post-Confirmation Conversion/Dismissal | 31 |
| | G. | Final Decree | 31 |

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

# I.

## INTRODUCTION

The Olympic on Grand, LLC, a California Limited Liability Company (hereafter "Debtor") is the Debtor in a Chapter 11 bankruptcy case. On January 12, 2009, Debtor commenced a bankruptcy case by filing voluntary Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq. This document is the Amended Chapter 11 Plan, as Modified (the "Amended Plan" or "Plan") proposed by James Myron, individually and as trustee of the James Myron Trust dated April 12, 2001 (collectively "Myron" or the "Plan Proponent"). Sent to you in the same envelope as this document is the Amended Disclosure Statement which has been approved by the Court, and which is provided to help you understand Myron's Amended Plan.

This is a reorganizing plan. The Debtor owns real property located at 1020 - 1024 South Grand Avenue, Los Angeles, California (hereafter the "Property"). The Plan Proponent seeks to accomplish payments under the Plan by transferring title to the Property to a newly formed entity, obtaining development entitlements on the Property, obtaining construction financing and commencing and completing construction of a 336 unit apartment complex with mixed retail space. Once the construction on the Property has been completed, it will be operated and/or sold.

The process of designing Myron's proposed redevelopment project for the Property and obtaining development entitlements for the project is estimated to cost approximately $546,868. Myron will commit his personal funds, up to $1.0 million, toward the cost of obtaining the needed development entitlements.

Obtaining development entitlements will significantly increase the value of the Property which, in turn, will permit a construction loan or loans to be obtained in an amount sufficient to complete the construction of the proposed redevelopment of the Property, and to make the payments described herein to certain of Debtor's creditors.

Once development entitlements are obtained for the Property, a construction loan will be obtained in the approximate amount of $84,650,100 guaranteed by HUD. This loan will be secured by a first priority deed of trust on the Property.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    Upon the Effective Date of the Plan (as defined herein), title to the Property will be

2    transferred by the Debtor to a Delaware limited liability company formed, or to be formed, by

3    Myron (hereafter "Newco"), which shall be primarily owned and controlled by Myron.  Newco

4    will be the borrower of the HUD insured loan.  This loan will be secured by a first priority

5    security interest in the Property, and will be amortized and repaid over a 40 year period of time.

6    In addition, secondary construction funding will be obtained from Myron's selected developer,

7    Intracorp / ISC Properties, LLC ("Intracorp"), or a substitute lender / investor, in the approximate

8    amount of $40 million.  The funding that will be obtained from Intracorp will be in the form of

9    either a loan secured by a second priority deed of trust on the Property or an equity contribution to

10    the newly formed entity holding title to the Property (or some combination thereof).  Hereafter the

11    HUD insured $84,650,100 loan, and the $40 million Intracorp loan / capitalization shall be

12    collectively referred to as the "New Loan."

13    Under no circumstances shall the secured claims of CB&T and/or Loma Vista Financial,

14    nor the deeds of trust against the Property under which such creditors are beneficiaries, be

15    subordinated to the New Loan or any other indebtedness secured by the Property.  If and when

16    Newco obtains the New Loan, the secured claims of CB&T and Loma Vista Financial shall be

17    satisfied as provided for herein on or before the funding of the New Loan.

18    The proceeds from the New Loan will be used to fund certain payments to creditors under

19    the terms of the Amended Plan as more specifically set forth herein, and to fund the construction

20    costs to redevelop the Property into the above-described apartment complex and mixed retail

21    space.  More specifically, under Myron's Plan, full development entitlements on the Property will

22    be obtained, the New Loan will fund, and the Class 2 and Class 3 secured claims (other than

23    Myron's interest therein) shall be satisfied as provided for herein upon the funding of the New

24    Loan, but in no event later than January 31, 2014.

25    The Effective Date of the Plan is the first business day following thirty days after entry of

26    an Order confirming the Amended Plan (the "Effective Date").

27    ///

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

From the Effective Date until fully satisfied as provided for herein, Myron and Newco shall make regular monthly payments of interest on the Class 2 secured claim of California Bank and Trust as assignee of Vineyard Bank, N.A. (hereafter "CB&T") on its secured claim. Payments to other creditors of the Debtor will be made as described in detail below.

The County of Los Angeles, CB&T, Loma Vista and Myron shall each retain their liens against the Property until such time as their respective Class 1, Class 2, Class 3 and Class 4 secured claims have been paid in accordance with the terms of the Plan (or otherwise reconveyed).

## II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A.    General Overview**

As required by the Bankruptcy Code, the Amended Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Amended Plan states whether each class of claims or interests is impaired or unimpaired. The Amended Plan provides the treatment each class will receive under the Plan.

**B.    Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has not placed the following claims in a class. The treatment of these claims is provided below.

**1.    Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 507(a)(1). The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtor's § 507(a)(1) administrative claims and their treatment under this Plan.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

| Name | Amount Owed | Treatment |
|------|-------------|-----------|
| Law Office of Mark Weitz | $35,000 | Payment in full on the later of the Effective Date or entry of an Order approving the Final Fee Application of the professional. |
| Receiver and any Professional(s) Employed by Receiver | $75,000 | Payment in full on the later of the Effective Date or entry of an Order approving the Final Fee Application of the Receiver and his professional(s). |
| Clerk's Office Fees | $50 (est.) | Paid in full on Effective Date |
| Office of the U.S. Trustee Fees | $1,000 (est.) | Paid in full on Effective Date |
| TOTAL | $111,050 | |

Court Approval of Fees Required:

The Court must rule on all fees listed in this chart before the fees will be owed. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be owed and required to be paid under this Plan.

It is estimated that the Receiver will have on hand on the Effective Date no less than $285,000 from the rental of Debtor's parking lot which can be used to pay the above-described priority tax claims. To the extent that the rent collected by the Receiver proves insufficient to pay these priority tax claims, Myron will pay the shortfall from his own funds.

**2.    Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding six years from the date of the assessment of such tax.

Based on the schedules and statements filed by the Debtor in connection with its bankruptcy case, the Debtor's proposed Plan, and claims filed by taxing authorities against the Debtor's bankruptcy estate, Myron believes that the following is a list of all of the Debtor's Section 507(a)(8) priority tax claims and their treatment under this Plan.

///

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

| Name | Amount Owed | Treatment |
|------|-------------|-----------|
| California Franchise Tax Board | $5,408.25 | Payment in full on the later of the Effective Date or entry of an Order allowing claim. |
| Internal Revenue Service | $300.00 | Payment in full on the later of the Effective Date or entry of an Order allowing claim. |
| City of Los Angeles Office of Finance | $2,333.84 | Payment in full on the later of the Effective Date or entry of an Order allowing claim. |
| California Employment Development Department | $1,010.13 | Payment in full on the later of the Effective Date or entry of an Order allowing claim. |
| California State Board of Equalization | $4,307.11 | Payment in full on the later of the Effective Date or entry of an Order allowing claim. |
| TOTAL | $13,359.33 | |

Each of the foregoing unsecured priority tax claims of the type described in Bankruptcy Code Section 507(a)(8) will be paid on the later of the Effective Date, or upon entry of an Order allowing each such claim.

It is estimated that the Receiver will have on hand on the Effective Date no less than $285,000 from the rental of Debtor's parking lot which can be used to pay the above-described priority tax claims. To the extent that the rent collected by the Receiver proves insufficient to pay these priority tax claims, Myron will pay the shortfall from his own funds.

**C.     Classified Claims and Interests**

**1.     Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate. The following charts lists all classes containing Debtor's secured pre-petition claims and their treatment under this Plan.

Ringstad & Sanders
L.L.P.
2020 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

**Class 1.        Secured Claim of Los Angeles County for property taxes.**

The secured claim of the Los Angeles County for property taxes will be paid in full, as follows:

(i)        After use of a portion of the approximately $285,000 in the possession of the Receiver for the payment of the above-described administrative expenses upon their allowance, as well as payment of the above-described priority tax claims, no later than 180 days following the Effective Date the remainder of all such funds collected by the Receiver shall be paid to the County of Los Angeles in partial satisfaction of its secured Class 1 property tax claim.

(ii)        Payment in full of all remaining amounts due on this claim, with interest and/or late fees at the statutory rate, in accordance with the requirements of 11 U.S.C. section 1129(a)(9); and

(iii)        All payments made on this claim shall be made in chronological order, such that the oldest portions of this secured claim are paid first.

Los Angeles County shall retain its lien against the Property, unmodified, until such time as its Class 1 Claim is satisfied in accordance with the terms set forth herein.

| CLASS# | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 1 | Secured claim of: Los Angeles County<br><br>Collateral description: Debtor's real property<br><br>Collateral value: $29,000,000<br><br>Priority of security interest: First<br><br>Principal owed: Approx. $788,890.84<br><br>Total claim amount: Approx. $788,890.84 (plus any applicable statutory interest and/or late fees) | No | Yes | Partial payment from net funds collected by Receiver no later than 180 days following the Effective Date.<br><br>Payment in full of all remaining amounts due on claim, with interest and/or late fees at the statutory rate, in accordance with 11 U.S.C. section 1129(a)(9), with payments applied to satisfy the oldest portions of the claim first.<br><br>Until such time as this claim is paid, Los Angeles County shall retain its lien on the Property, unmodified. |

The funds that will be used to make the above-described payments to the holder of the Class 1 Claim will be derived from: (i) Net funds collected by the Receiver prior to the Effective Date; (ii) James Myron's personal funds; (iii) funds derived from the operation of a parking lot on the Property and any other available income of the Debtor and/or Newco generated after the Effective Date; (iii) the proceeds of the New Loan; and (iv) the sale and/or post-redevelopment operation of the Property.

**Class 2.        Secured Claim of CB&T.**

Upon the Effective Date and transfer of title to the Property to Newco, the loan made by CB&T to the Debtor shall remain in place and Newco shall take title to the Property subject to CB&T's Deed of Trust.  In the alternative, upon request therefore made within 60 days following the Effective Date, Newco will assume Debtor's secured loan from CB&T pursuant to an Assumption Agreement, the terms of which are acceptable to Newco and CB&T.  The existing loan documents shall remain the same and the current guarantors thereunder shall remain

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1  obligated on this loan.  However, provided that the Class 2 claim of CB&T is paid as provided for

2  herein, then, and only in such event, shall the current obligor and guarantors of CB&T's loan to

3  the Debtor, be released.

4      CB&T shall forebear from attempting to foreclose on the Property and divesting Newco of

5  title thereto pending performance of Newco's obligations under the Plan relating to payment of

6  CB&T's Class 2 secured claim, so long as Newco is not in default of its obligations to CB&T

7  under this Plan.

8      Pending performance of the obligations of Newco and Myron to CB&T under the Plan,

9  CB&T shall request that the Los Angeles Superior Court vacate all hearings and dates currently

10  on calendar and schedule an Order to Show Cause hearing re: Settlement/Dismissal on a date

11  convenient for the Los Angeles Superior Court at least 15 days after January 31, 2014, concerning

12  the lawsuit initiated by CB&T and its predecessor in interest against the Debtor and others for,

13  among other things, judicial foreclosure and breach of guaranty, commonly known as *Vineyard*

14  *Bank, N.A. v. The Olympic On Grand, LLC*, Los Angeles County Superior Court Case No.

15  BC393730 (the "Foreclosure Action").  In the event that the Superior Court in the Foreclosure

16  Action is unwilling to agree to such a continuance, the CB&T shall take all necessary actions to

17  achieve substantially the same effect, including without limitation, the dismissal of the

18  Foreclosure Action without prejudice provided that the Defendants in the Foreclosure Action

19  agree to toll all applicable statutes of limitations for a period of time sufficient for full and

20  complete performance of all obligations of Newco and Myron to CB&T under the Plan.  Upon the

21  full and complete performance of all obligations of Newco and Myron to CB&T under the Plan,

22  CB&T shall cause the Foreclosure Action to be dismissed with prejudice and each of the

23  defendants in the Foreclosure Action shall receive a full general release from CB&T and

24  Vineyard Bank, N.A.

25      The Class 2 secured claim of CB&T shall be paid as follows:

26      (A)    CB&T shall be paid all principal and post-Effective Date interest and fees

27  in full on or before January 31, 2014.  Interest shall accrue on the principal balance due at

28  the rate of the lesser of: (i) 6% per annum; or (ii) the default rate of interest as set forth in

Ringstad & Sanders
LLP
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1   the loan documents between Debtor and CB&T in effect on the Effective Date.  Interest

2   shall accrue from the Effective Date of the Plan until January 31, 2014, or until such time

3   as all principal is paid in full, and such interest shall be paid by Newco and/or Myron to

4   CB&T on a monthly basis from and after the Effective Date until such time as all

5   principal is paid under either alternative (A) or (B) as set forth in this paragraph;

6        (B)    If Newco is current on all post-confirmation interest payments to CB&T

7   described above, and on or before the third anniversary of the Effective Date of the Plan

8   pays to CB&T 90% of the current principal balance of CB&T's claim, then CB&T shall at

9   that time accept such payment as payment in full of all obligations owed to CB&T and

10   shall waive and release all parties from its right to receive the remaining 10% of its

11   principal and all interest, costs and fees that accrued on its claim prior to the Effective

12   Date of the Plan.

13        Provided that Myron and Newco fully and completely perform their obligations to CB&T

14   under the Plan regarding payment of its Class 2 secured claim, CB&T shall waive its right to

15   receive any and all interest, costs and fees accruing prior to the Effective Date of the Plan.

16        Under no circumstances shall CB&T's secured claim and/or Deed of Trust be

17   subordinated to the New Loan or any other indebtedness secured by the Property.  If Newco

18   obtains the New Loan, CB&T's claim shall be satisfied as provided for herein on or before the

19   funding of the New Loan.

20        Myron and Newco shall execute a Stipulation in favor of CB&T granting to CB&T the

21   irrevocable right to commence and continue foreclosure proceedings with regard to the Property

22   in the event of any uncured default under the Plan, subject to a written notice and 30-day cure

23   period, pending completion of performance of all obligations to CB&T under the Plan.

24        While Myron and Newco shall use commercially reasonable efforts to perform in

25   accordance with the Plan, in no event shall Myron or the other member(s) of Newco have

26   personal liability for repayment of the Loan from CB&T, the Class 2 Claim, any prior or future

27   accrued interest thereon or for other prior or future amounts, fees and costs due in connection

28   therewith.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    After the Effective Date, and until CB&T's claim is paid as provided for herein, Myron

2  and Newco shall provide to CB&T quarterly financial statements.

3    Myron and Newco shall provide to CB&T documentation confirming Myron's succession

4  plan as it relates to the performance of obligations under the Plan.

5

| CLASS# | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 2 | Secured claim of: California Bank & Trust<br><br>Collateral description: Debtor's real property<br><br>Collateral value: $29,000,000<br><br>Priority of security int.: second<br><br>Principal owed: $18,000,000<br><br>Total claim amount: $18,000,000 plus accrued unpaid interest in an amount to be determined. | No | Yes | [See detailed description of the treatment of the claim, above.]<br><br>CB&T shall retain its lien on the Property until claim is satisfied. |

21    The funds that will be used to make the above-described payments to CB&T will be

22  derived from: (i) James Myron's personal funds; (ii) funds obtained from the operation of a

23  parking lot on the Property and any other available income of the Debtor and/or Newco; (iii) the

24  proceeds of the New Loan; and (iv) the sale and/or post-redevelopment operation of the Property.

25  ///

26  ///

27  ///

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

**Class 3.**    **Secured Claim of Loma Vista Financial.**

Upon the Effective Date and transfer of title to the Property to Newco, Newco shall take title to the Property subject to LVF's Deed of Trust. Upon the Effective Date, all principal then owed on the allowed secured claims of the below described assignees of interests in the promissory note and Deed of Trust of LVF (other than James Myron's interest thereunder) will begin accruing interest at the fixed rate of the lesser of: (i) 6% per annum; or (ii) the default rate of interest as specified in the agreements between CB&T and the Debtor in effect on the Effective Date.

LVF and all assignees of interests in LVF's note and Deed of Trust against the Property shall forebear from attempting to foreclose on the Property and divest Newco of title thereto pending performance of Newco's obligations under the Plan relating to payment of the allowed Class 3 secured claim held by the assignees of interests in the LVF note and Deed of Trust as provided for herein.

The allowed Class 3 secured claim of LVF and the assignees of interests in its note and Deed of Trust shall be paid as follows:

(A)    Assignees of allowed interests in LVF's note and Deed of Trust (other than Myron) shall be paid all principal and interest in full on or before January 31, 2014. From and after the Effective Date, interest shall accrue (and shall be paid on a monthly basis) on the principal amounts owed each allowed assignee (other than Myron) at the rate of the lesser of: (i) 6% per annum; or (ii) the default rate of interest as set forth in the loan documents between Debtor and CB&T in effect on the Effective Date. Such post-Effective Date interest shall accrue from the Effective Date of the Plan until January 31, 2014, or until such time as all principal is paid in full; or

(B)    If Newco is current on all post-confirmation interest payments to the Class 3 claimants described above, and on or before the third anniversary of the Effective Date of the Plan pays to any Class 3 Claimant 90% of said Class 3 Claimant's current principal balance, then said Class 3 Claimant shall at that time accept such payment as payment in full of all obligations owed to that Claimant and shall waive and release all parties from its

Ringstad & Sanders
L.L.P.
2030 Main Street, 17ᵗʰ Floor
Irvine, California 92614
949.851.7450

- 13 -

1     right to receive the remaining 10% of its principal and all interest, costs and fees that

2     accrued on its claim prior to the Effective Date of the Plan.

3        Upon full and complete performance by Myron and Newco of the obligations of this Plan

4 to a holder of a Class 3 Claim, then such Claimant shall waive and release against all parties such

5 Claimant's right to receive any and all interest, costs and fees accruing prior to the Effective Date

6 of the Plan.

7        Under no circumstances shall the Class 3 secured claim(s) and/or LVF's Deed of Trust be

8 subordinated to the New Loan or any other indebtedness secured by the Property.  If Newco

9 obtains the New Loan, the allowed Class 3 claims of assignees of interests in LVF's note and

10 deed shall be satisfied as provided for herein on or before the funding of the New Loan.

11        Newco shall repay all outstanding amounts owed to allowed assignees of interests in

12 LVF's note and Deed of Trust holding allowed Class 3 Claims no later than the time that Newco

13 pays all outstanding principal due to CB&T on account of its Class 2 secured claim.

14        While Myron and Newco shall use commercially reasonable efforts to perform in

15 accordance with the Plan, in no event shall Myron or the other member(s) of Newco have

16 personal liability for repayment of the pass-through loan from LVF and the assignees of interests

17 in LVF's note and Deed of Trust, the Class 3 Claim(s), any prior or future accrued interest, fees

18 or costs thereon or for other prior or future amounts due in connection therewith.

19 ///

20 ///

21 ///

22

23

24

25

26

27

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 13th Floor
Irvine, California 92614
949.851.7450

As noted above, various assignments of the beneficiary's interest under LVF's note and deed of trust against the Property have been made. James Myron contends that the Debtor's loan from LVF is authorized up to a maximum principal amount of $3 million, and that the following entities and individuals comprise all of the known parties that may have an interest (both disputed and undisputed) under the note and deed of trust.

| **Assignee** | **Principal Amount of Assignment** |
| --- | --- |
| James Myron | $1,500,000 |
| CW Capital, Inc. | $500,000 |
| Top Shelf West, LLC | $300,000 |
| SCS Equities | $45,000 |
| Robertson / RRA | $4,901,202.42 and/or $655,000 |

Myron believes that the interests in the LVF note and deed of trust held by Myron, CW Capital, Top Shelf and SCS Eqities are legitimate.

Debtor, Robertson and RRA contend that Robertson and/or RRA received an assignment of an interest in the LVF note and Deed of Trust in the amount of $4,901,202.42 or $655,000. James Myron disputed the legitimacy of this claim and, instead, contends that Robertson/RRA are owed nothing under the LVF note and deed. This dispute was the subject of litigation between the parties in Los Angeles County Superior Court. On August 13, 2008, the Los Angeles County Superior Court entered a Judgment against Robertson / RRA, invalidating the alleged partial assignment of Loma Vista's Deed of Trust under which said parties claimed to hold a security interest in the Debtor's real Property. Accordingly, Robertson/RRA have no interest under the LVF note and Deed of Trust, and are treated accordingly under Myron's Amended Plan.

James Myron is the only "insider" assignee of an interest in the LVF note and deed. James Myron will not receive any funds in payment of his partial assignee's interest under the LVF note and deed. Instead, upon the funding of the New Loan, and the transfer of title to the Property to Newco, Myron will reconvey his assignee's interest under the LVF note and deed. By way of this reconveyance, James Myron's interest under the LVF note and deed will comprise part of his equity contribution to Newco.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

Each holder of an allowed claim in this Class (i.e., each holder of an allowed partial assignment of an interest in the LVF note and deed) shall be entitled to separately vote on Myron's Amended Plan.  If Myron's Plan is confirmed by the Court, LVF and each holder of an allowed claim in this Class shall be required to execute reconveyances of such interests in the Property upon receiving satisfaction of their respective claims as provided for herein.

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 3 | Secured claim of: Loma Vista Financial (and non-insider assignees holding allowed interests thereunder)<br><br>Collateral description: Debtor's real Property<br><br>Collateral value: $29,000,000<br><br>Priority of security int.: third<br><br>Principal owed: $2,845,000 (excluding disputed claim of Robertson/RRA)<br><br>Total claim amount: $2,845,000 plus interest in an amount to be determined (excluding disputed claim of Robertson/RRA) | Yes | Yes | [See detailed description of the treatment of the claims, above.<br><br>Loma Vista and its assignees shall retain their security interest(s) in the Property until such claims are satisfied as provided herein (or until such liens are otherwise reconveyed pursuant to the terms of the Plan). |

The funds that will be used to make the above-described payments to the holders of allowed interests under the LVF note and deed (other than Myron) will be derived from: (i) James Myron's personal funds; (ii) funds derived from the operation of a parking lot on the Property and any other available income of the Debtor and/or Newco; (iii) the proceeds of the New Loan; and (iv) the sale and/or post-redevelopment operation of the Property.

**Class 4.        Secured Claim of James Myron.**

James Myron is the beneficiary under a third priority deed of trust against the Property securing Debtor's repayment of a $17,500,000 purchase money loan resulting from Myron's sale of the Property to the Debtor.  The secured claim of James Myron will not be paid in any amount. Instead, upon the close of escrow on the New Loan following the transfer of title to the Property to Newco, James Myron will reconvey his deed of trust on the Property, and his interest in the Property will become part of his equity investment in Newco.

James Myron shall retain his lien against the Property, unmodified, until such time as escrow closes on the New Loan, whereupon Myron shall reconvey his third priority deed of trust against the Property.

| CLASS# | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|--------|-------------|---------------|----------------|-----------|
| 4 | Secured claim of: James Myron<br><br>Collateral description: Debtor's real property<br><br>Collateral value: $29,000,000<br><br>Priority of security int.: fourth<br><br>Principal owed: $17,500,000<br><br>Total claim amount: $17,500,000 plus accrued interest. | Yes | Yes | Claim will not be paid in any amount.  Instead, James Myron will reconvey his interest under this deed of trust against the Property upon the close of escrow on the New Loan following transfer of title to the Property to Newco.<br><br>Until such time James Myron reconveys his deed of trust, he shall retain his lien on the Property, unmodified. |

///

**Class 5.          Secured Claim of Los Angeles County for Personal Property Taxes.**

The Los Angeles County Treasurer and Tax Collector has filed a secured claim for personal property taxes in the amount of $851.19 against the Debtor's bankruptcy estate.

The secured claim of Los Angeles County for personal property taxes will be paid in full within forty-five calendar days following the Effective Date by James Myron from his personal funds.

Los Angeles County shall retain its lien against Debtor's personal property, unmodified, until such time as its Class 5 Claim is fully satisfied in accordance with the terms set forth herein.

| CLASS# | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 5 | Secured claim of: Los Angeles County <br><br> Collateral description: Debtor's personal property <br><br> Collateral value: $120,000 <br><br> Priority of security interest: first <br><br> Principal owed: Approx. $851.19 <br><br> Total claim amount: Approx. $851.19 (plus any applicable statutory interest and/or late fees) | No | Yes | Payment in full of allowed secured claim with interest within 45 calendar days following the Effective Date of the Plan. <br><br> Until such time as this claim is paid, Los Angeles County shall retain its lien on the Debtor's personal property, unmodified. |

///

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    **2.    Classes of Priority Unsecured Claims**

2    **Class 6:    Priority Unsecured Claims.**

3    Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7)

4    are required to be placed in classes. These types of claims are entitled to priority treatment as

5    follows: the Code requires that each holder of such a claim receive cash on the Effective Date

6    equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders

7    may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the

8    allowed amount of such claims.

9    Myron believes that the Debtor has no priority claims of the types listed in Bankruptcy

10    Code section 507(a)(3), (4), (5), (6), and (7).  Nevertheless, to the extent that any such claims are

11    determined to exist, the claims will be paid on the later of the Effective Date, or upon entry of an

12    Order allowing each such claim.

13    Any priority unsecured claims that are found to exist and are allowed shall be paid by

14    Myron from his own funds.

15

16    **3.    Class of General Unsecured Claims**

17    **Class 7.    Nonpriority Unsecured Claims.**

18    General unsecured claims are unsecured claims not entitled to priority under Code Section

19    507(a).  The following chart identifies this Plan's treatment of the class containing <u>all</u> of Debtor's

20    general unsecured claims:

21    Class 7 unsecured creditors will receive payment on their claims in one of the following,

22    alternative, methods:

23    **A.    If Newco Sells the Property Within 5 Years Following the**

24    **Effective Date:**

25    If the Property is sold on or before the date which is five years following the Effective

26    Date (the "Fifth Anniversary Date"), then Class 7 unsecured creditors shall have a right to receive

27

28

Ringstad & Sanders LLP
2030 Main Street, 13th Floor
Irvine, California 92614
949.851.7450

1  payment on their claims under the following "project participation" formula[1]:  In satisfaction of

2  the unsecured claims held by Class 7 creditors, creditors in this class shall be entitled to receive

3  from the sale proceeds a portion of the Residual Profits (as defined below) resulting from the sale

4  of the redevelopment project.  Such portion of the Residual Profits, if any, shall be distributed on

5  a pro rata basis to each unsecured creditor within the class based on the percentage (the "Claimant

6  Percentage") which (a) the final, liquidated and allowed amount of such creditor's claim bears to

7  (b) the total amount of liquidated and allowed claims held at the time of distribution by unsecured

8  creditors within Class 7 (the "Total Liquidated Claims").   For purposes of this payment

9  obligation, the "Residual Net Profits" from the sale of the redevelopment project shall be defined

10  as an amount equal to the lesser of (i) twenty-five percent (25%) of the Total Liquidated Claims

11  or (ii) any Net Project Profit achieved by the Developer Parties upon the sale of the

12  redevelopment project in excess of the Minimum Profit Threshold (as defined and discussed in

13  Exhibit "I" attached to the Amended Disclosure Statement).

14  Notwithstanding the foregoing, in the event that the redevelopment project is sold prior to

15  the Fifth Anniversary Date for a price which does not result in any Residual Profits for

16  distribution to the unsecured creditors, the unsecured creditors shall have no recourse against the

17  redevelopment project, the Property or any Developer Parties nor any other right to payment

18  therefrom, nor shall any of the Developer Parties have any obligation to or otherwise be liable in

19  any manner for the satisfaction of any claims held by any of the unsecured creditors in the class.

20  **B.    If Newco Does Not Sell the Property Within 5 Years Following**

21  **the Effective Date:**

22  In the event that the Property is not sold by Newco on or before the Fifth Anniversary

23  Date, then in lieu of the payment of any share of Residual Profits to the unsecured creditors within

24  the class, each unsecured creditor holding an allowed Class 7 claim as of the Fifth Anniversary

25  Date shall be entitled to payment of an amount equal to the lesser of: (A) One Million Dollars

26  ($1,000,000) multiplied by such creditor's applicable Claimant Percentage (defined above), to be

27  ---

[1] See the discussion in the Amended Disclosure Statement regarding the treatment of Class 7
claims under the Plan, and Exhibit "I" to the Amended Disclosure Statement, for important

28  additional information regarding the terms and conditions pertaining to the treatment of general
unsecured Class 7 claims under Myron's Amended Plan.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1  paid exclusively from aggregate Net Operating Profits generated from the operation of the

2  Property up to the Fifth Anniversary Date: or (B) 20% of the aggregate Net Operating Profits

3  generated from the operation of the Property up to the Fifth Anniversary Date multiplied by such

4  creditor's applicable Claimant Percentage.[2]

5      For purposes of the treatment of Class 7 unsecured creditors under Myron's Amended

6  Plan, the term "Net Operating Profits" shall mean: An amount equal to the difference between (a)

7  Operational Revenues received by the Developer Parties from the ownership and operation of the

8  development project, and (b) the Operational Expenses incurred by the Developer Parties in

9  connection therewith.  For purposes of this Amended Plan, Net Operating Profit shall not be

10  calculated on an annual basis but shall instead be determined on an aggregate basis for the entire

11  period up to and including the Fifth Anniversary Date, such that Operational Expenses incurred

12  during one fiscal year may be offset against Operational Revenues received during another fiscal

13  year.

14      Notwithstanding the foregoing, in the event that the operation of the Property up to the

15  Fifth Anniversary Date does result in any Net Operating Profits, or results in Net Operating

16  Profits that result in payments to Class 7 unsecured creditors totaling less than $1 million under

17  the calculation described above, Class 7 unsecured creditors shall have no recourse against the

18  development project, Newco, the Property or any Developer Parties nor any other right to

19  payment therefrom, nor shall any Developer Parties have any obligation to or otherwise be liable

20  in any manner for the satisfaction of any claims held by any of the unsecured creditors in the

21  class.

22      In addition to the foregoing, creditors holding allowed nonpriority unsecured claims in

23  Class 7 will also receive their pro rata share of any Litigation Claims Recovery, if any.

24  ///

25  ///

26  [2] See Exhibit "N" attached to the Amended Disclosure Statement for definitions of "Net Operating Profits," Operational Expenses" and "Operational Revenues" used to determine the

27  distribution to be made to Class 7 unsecured creditors in the event that the Property is not sold by Newco on or before the Fifth Anniversary Date

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT | |
|---|---|---|---|---|
| 7 | General unsecured claims<br><br>☐ Total amount of claims = $15,376,579.36 (est.) | Yes. Impaired; claims in this class are entitled to vote on the Plan. | ☐ Payment and interval<br><br>☐ Interest rate 0%<br><br>☐ Total payout: Unknown. Any payments to creditors in this class will be on a pro rata basis. | Class 7 nonpriority unsecured creditors in this class will receive payment on their claims in one of the following, alternative, methods: (A)  If the Property is sold within 5 years following the Effective Date, then Class 7 unsecured creditors shall receive pro rata payments on their allowed claims from the Residual Profits resulting from the sale, if any, as described above and in Exhibit "I" to the Disclosure Statement; or (B) If the Property is not sold within 5 years following the Effective Date, pro rata payments on their allowed claims from the lesser of (A) $1,000,000 or (B) 20% of the aggregate Net Operating Profits generated from the operation of the Property up to the Fifth Anniversary Date.<br><br>In addition to the foregoing, creditors holding allowed claims in this class will also their pro rata share of the Litigation Claims Recovery, if any. |

Notwithstanding the foregoing, in the event that Newco has not generated sufficient net profits from the operation of the redevelopment project by the Fifth Anniversary Date to pay the entirety of the above-described $1 million to Class 7 unsecured creditors, then Newco shall only

Ringstad & Sanders L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

be required to pay its actual net operating profit to this date for the benefit of Class 7 unsecured

creditors.  Except as otherwise provided herein, if Newco shall have no further liability for

making payments under the Amended Plan for the benefit of Class 7 unsecured creditors, and

creditors in this class shall have no recourse against the redevelopment project, the Property or

any Developer Parties nor any other right to payment therefrom, nor shall any of the Developer

Parties have any obligation to or otherwise be liable in any manner for the satisfaction of any

claims held by any of the unsecured creditors in the class.

The failure to comply with the above-described terms for the payment of secured and

unsecured claims will constitute a material default by the under the terms of Myron's Amended

Plan, and shall constitute cause for conversion of Debtor's Chapter 11 bankruptcy case to a case

under Chapter 7 of the Bankruptcy Code pursuant to 11 U.S.C. § 1112.

### 4.    Class(es) of Interest Holders

**Class 8.        Equity Interests in the Debtor.**

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the

Debtor.  If the Debtor is a corporation, entities holding preferred or common stock in the Debtor

are interest holders.  If the Debtor is a partnership, the interest holders include both general and

limited partners.  If the Debtor is an individual, the Debtor is the interest holder.  In this case, the

Debtor is a limited liability company and the interest holders are its members.

There are three separate classes of ownership interests in the Debtor.  Myron is the sole

Class "B" member, owning a 20% interest in the Debtor.  The Renaissance on Grand, LLC, a

California limited liability company ("Renaissance"), is the managing member and sole Class

"A" member, owning a 57.5% interest in the Debtor.  There are also three Class "C" members of

Debtor who collectively own a 22.5% interest in the Debtor.  The first of the three Class "C"

members of the Debtor is the Wolterman Family Limited Partnership, holding a 15% interest in

the Debtor.  The second of the three Class "C" members of the Debtor is Dien McCall, holding a

5% interest in the Debtor.  The third and final Class "C" member of the Debtor is Jerry Brown,

holding a 2.5% ownership interest in the Debtor.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

All membership interests in the Debtor shall be cancelled upon the confirmation of Myron's Amended Plan, the occurrence of the Effective Date and the transfer of title to the Property to Newco,

The following chart identifies the Plan's treatment of the class of interest holders:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---------|-------------|----------------|-----------|
| 8 | Interest holders | Yes | Membership interests cancelled upon the confirmation of Myron's Amended Plan, the occurrence of the Effective Date and the transfer of title to the Property to Newco. |

## D.  Means of Effectuating the Plan

### 1.  The Transfer and Redevelopment of the Property

The Plan will be funded by the following:

This is a reorganizing plan.  Myron seeks to accomplish payments under the Plan by transferring title to the Property to a newly formed entity (Newco), obtaining development entitlements on the Property, obtaining construction financing and commencing and completing construction of a 336 unit apartment complex with mixed retail space on the Property.

The process of designing Myron's proposed redevelopment project for the Property and obtaining development entitlements for the project is estimated to cost approximately $546,868. Myron will commit his personal funds, up to $1.0 million, toward the cost of obtaining the needed development entitlements.

Obtaining development entitlements will significantly increase the value of the Property which, in turn, will permit a loan to be obtained in an amount that is sufficient to complete the construction of Myron's proposed redevelopment of the Property and to make the payments described herein to certain of Debtor's creditors.

1    This development plan for the Property is consistent with the requirements of the United

2    States Department of Housing and Urban Development ("HUD").  Under Myron's Plan, once

3    development entitlements are obtained for the Property, a construction loan will be obtained in the

4    approximate amount of $84,650,100.  This loan is intended to be insured by Federal Housing

5    Administration ("FHA") Mortgage Insurance program through HUD.  In addition, the developer

6    hired by Myron, Intracorp, has agreed to obtain approximately $40 million of additional funding

7    for the redevelopment project, either in the form of debt or equity, after development entitlements

8    on the Property have been obtained.  The New Loan will be secured by first and second priority

9    deeds of trust on the Property.

10    The Effective Date of the Plan is the first business day following thirty days after entry of

11    an Order confirming the Plan.  Upon the Effective Date of the Plan, title to the Property will be

12    transferred by the Debtor to Newco, which shall be primarily owned and controlled by Myron.

13    Newco will be the borrower of the New Loan.  The New Loan will be secured by first and second

14    priority security interests in the Property (to the extent that the funding from Intracorp is in the

15    form of a loan as opposed to an equity contribution).  The New Loan will be amortized and repaid

16    over a 40 year period of time.

17    Also upon the Effective Date of the Plan, any funds in the receivership estate (estimated to

18    be $285,000), and any receivables of the Debtor or the receivership estate, shall be transferred to

19    Newco and used to fund certain payments under Myron's Amended Plan as described herein.

20    Under Myron's Plan, upon the Effective Date, a portion of the approximately $285,000 collected

21    by the Receiver shall be used for payment of the above-described administrative expenses upon

22    their allowance, as well as payment of the above-described priority tax claims.  Thereafter, and no

23    later than 180 days following the Effective Date, the remainder of all such funds collected by the

24    Receiver shall be paid to the County of Los Angeles in partial satisfaction of its secured Class 1

25    property tax claim.  The remainder of this Class 1 Claim shall be paid in full, with interest and/or

26    late fees at the statutory rate, in accordance with the requirements of 11 U.S.C. section 1129(a)(9)

27    in regular installment payments over a period not exceeding 5 years after the date of the entry of

28    the order for relief in the Debtor's bankruptcy case.  In addition to the funds collected by the

Ringstad & Sanders
LLP, 17th Floor
2030 Main Street,
Irvine, California 92614
949.851.7450

1   Receiver, this claim shall be paid with:  The funds that will be used to make the above-described

2   payments to the holder of the Class 1 Claim will be derived from: (i) James Myron's personal

3   funds (to the extent necessary); (ii) funds derived from the operation of a parking lot on the

4   Property and any other available income of the Debtor and/or Newco generated after the Effective

5   Date; (iii) the proceeds of the New Loan; and (iv) the sale and/or post-redevelopment operation of

6   the Property.

7       The proceeds from the HUD insured component of the New Loan, as well as the Intracorp

8   funding (or such other third-party source of financing as Newco may designate), will be used to

9   fund certain payments to creditors under the terms of Myron's Amended Plan as described herein,

10   and to fund the construction costs to redevelop the Property into the above-described apartment

11   complex and mixed retail space.  No part of the financing for the redevelopment project will be

12   used to satisfy: (i) any part of the $1,500,000 partial assignment of the LVF deed of trust held by

13   James Myron and secured by a second priority deed of trust against the Property; or (ii) any part

14   of the $17,500,000 Class 4 claim of James Myron secured by a third priority deed of trust against

15   the Property.  Instead, upon transfer of title of the Property to Newco, James Myron will execute

16   reconveyances of his interests under these two deeds of trust as part of the consideration that he

17   will pay for obtaining his equity interest in Newco.

18       After the Effective Date, Newco and Myron will make ongoing monthly payments of

19   interest to CB&T.  Once development entitlements on the Property are obtained, the New Loan

20   shall be obtained and Newco shall repay all outstanding amounts owed to CB&T on its secured

21   claim upon the funding of the New Loan and no later than January 31, 2014.

22       Additionally, after the Effective Date, Newco and Myron and will make ongoing monthly

23   interest only payments to the Class 3 holders of allowed interests under the Loma Vista Financial

24   (other than Myron).  Once development entitlements on the Property are obtained, the New Loan

25   shall be obtained and Newco shall repay all outstanding amounts owed to assignees of interests

26   in LVF's note and deed holding allowed Class 3 Claims upon the funding of the New Loan and

27   no later than January 31, 2014.

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 17th Floor
Irvine, California 92614
949.851.7450

1    The County of Los Angeles, CB&T, Loma Vista and Myron shall each retain their liens

2    against the Property until such time as their respective Class 1, Class 2, Class 3 and Class 4

3    secured claims have been paid (or otherwise reconveyed) in accordance with the terms of the

4    Plan.

5    Myron has engaged the real estate investment banking firm of Johnson Capital Huntoon

6    Hastings, LLC ("JCHH") to facilitate the origination, underwriting, preparation and processing of

7    the HUD insured loan and all documents needed to obtain the New Loan.  Myron has already

8    submitted an application to obtain this loan with a HUD approved lender, and has paid a fee of

9    $40,000 associated with obtaining this loan from his own funds.

10    Myron has also hired an experienced and accomplished architectural firm, RTKL

11    Associates, Inc. ("RTKL"), to design the proposed redevelopment project for the Property.

12    Myron has already paid RTKL a total of $26,179.01 of his own funds in order retain RTKL and to

13    expedite the redevelopment of the Property.

14    As was briefly described above, Myron has already engaged the accomplished developer

15    Intracorp to be the builder that redevelops the Property into a 336 unit apartment complex with

16    mixed retail space.  Myron has already paid Intracorp a total of $135,000.00 of his own funds in

17    order to expedite the redevelopment of the Property.

18    After the Property has been redeveloped, if the Property is sold within five years following

19    the Effective Date, then Class 7 unsecured creditors shall have a right to receive pro rata payment

20    on their claims, if at all, from the above-described portion of the Residual Profits resulting from

21    the sale.  In the event that the Property is not sold within five years after the Effective Date, each

22    Class 7 unsecured creditor holding an allowed claim shall be entitled to a pro rata payment

23    thereon from the lesser of: (A) $1,000,000 to be paid exclusively from aggregate Net Operating

24    Profits generated from the operation of the Property up to the Fifth Anniversary Date: or (B) 20%

25    of the aggregate Net Operating Profits generated from the operation of the Property up to the Fifth

26    Anniversary Date.

27    ///

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    In either event, and in addition to the foregoing, creditors holding allowed Class 7

2    nonpriority unsecured claims will also receive their pro rata share of any Litigation Claims

3    Recovery.

4

5    **2.    Post-confirmation Management**

6    The managing member of the Debtor prior to the filing of the Debtor's bankruptcy case,

7    and during the bankruptcy case, has been Renaissance.  The managing member of Renaissance is

8    Titan. Robertson is currently Titan's majority shareholder, president, sole director, chief financial

9    officer and secretary.  Renaissance will continue to manage the affairs of the Debtor post-

10    confirmation.

11    However, upon the Effective Date, the Litigation Claims shall be transferred to, and

12    vested in, the Plan Agent, who shall have sole and absolute authority and discretion to prosecute,

13    compromise and/or abandon such claims.  Also upon the Effective Date, title to the Property shall

14    be transferred to Newco.

15    **3.    Disbursing Agent**

16    Newco shall act as the disbursing agent for the purpose of making all distributions

17    provided for under the Amended Plan, except the Plan Agent shall have responsibility for the

18    disbursement of any proceeds resulting from the Litigation Claims.  Newco and the Plan Agent

19    shall serve as disbursing agents without bond and shall receive no compensation for distribution

20    services rendered and expenses incurred pursuant to the Plan, except as otherwise specified

21    herein.

22    ///

23    ///

24

25

26

27

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

### III.

### TREATMENT OF MISCELLANEOUS ITEMS

**A.    Executory Contracts and Unexpired Leases**

    **1.    Assumptions**

    The following are the unexpired leases and executory contracts to be assumed as obligations under this Plan:  All current policies of insurance.

    On the Effective Date, each of the unexpired leases and executory contracts listed above shall be assumed as obligations of the Newco.  The Order of the Court confirming the Plan shall constitute an Order approving the assumption of each lease and contract listed above.  If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Amended Plan within the deadline for objecting to the confirmation of the Plan. See Section {I.B.3.} of the Disclosure Statement describing this Amended Plan for the specific date.

    **2.    Rejections**

    On the Effective Date, the following executory contracts and unexpired leases will be rejected:  None.

    The Order confirming the Plan shall constitute an order approving the rejection of the lease or contract.  If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Amended Plan within the deadline for objecting to the confirmation of the Plan.  See Disclosure Statement for the specific date.

    THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS 30 DAYS FOLLOWING ENTRY OF THE ORDER AUTHORIZING THE REJECTION OR THE LEASE OR CONTRACT, INCLUDING THE ORDER CONFIRMING THIS AMENDED PLAN, IF THE CONTRACT OR LEASE IS REJECTED BY THE TERMS OF THIS PLAN.  Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of

Ringstad & Sanders
L.L.P.
2020 Main Street, 12ᵗʰ Floor
Irvine, California 92614
949.851.7450

1   claim is not timely filed, unless the Court later orders otherwise.

2   **B.      Changes in Rates Subject to Regulatory Commission Approval**

3         This Debtor is not subject to governmental regulatory commission approval of its rates.

4   **C.      Retention of Jurisdiction.**

5         The Court will retain jurisdiction to the extent provided by law.

6                                        **IV.**

7                    **EFFECT OF CONFIRMATION OF PLAN**

8   **A.      Discharge**

9              Section 1141(d)(3)

10        In the instant case, the Plan provides for the liquidation of all of the property of the

11   bankruptcy estate, in that such property is transferred to Newco upon the confirmation of the Plan

12   and the occurrence ofr the Effective Date.  Also, the Debtor, having no property, will not engage

13   in business after consummation of the plan.  Under these circumstances, the Debtor in this case is

14   not eligible for a discharge under the provisions of Section 1141(d)(3) of the Bankruptcy Code.

15        For these reasons, Debtor shall not receive a discharge under the Plan, and the Order

16   confirming the Plan shall state that Debtor shall not receive a discharge.

17

18   **B.      Revesting of Property in the Debtor**

19        Except as provided elsewhere in this Amended Plan, the confirmation of the Plan revests

20   all of the property of the estate in the Debtor.  However, upon the Effective Date, the Litigation

21   claims shall transfer to, and be vested in, the Plan Agent.  Further, upon the Effective Date, the

22   following shall be transferred to the Newco: (i) the Property; (ii) any net funds in the receivership

23   estate above the allowed expenses of the receivership estate; (iii) any receivables held by the

24   Debtor or the receivership estate; and (iv) any cash of the Debtor.

25   ///

26   ///

27

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

**C.    Modification of Plan**

The Proponent of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or re-voting on the Plan if the Proponent modifies the plan before confirmation.

The Proponent of the Plan may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated <u>and</u> (2) if the Court authorizes the proposed modifications after notice and a hearing.

**D.    Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the Plan, Plan Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

**E.    Quarterly Fees**

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the plan. Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

**F.    Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only

2    to the extent that relief from stay was not previously granted by the Court during this case.

3

4    **G.    Final Decree**

5         Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the

6    Plan Proponent and/or Newco, or other party as the Court shall designate in the Plan

7    Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

8

9    DATED: April ___, 2010

10

11

12                          By: _____
                                James Myron, individually and as trustee of the
13                              James Myron Trust dated April 12, 2001

14   DATED: April ___, 2010

15                               RINGSTAD & SANDERS, LLP

16

17                          By: _____
                                Todd C. Ringstad
18                              Christopher A. Minier
                                Counsel for James Myron, individually
19                              and as trustee of the James Myron Trust
                                dated April 12, 2001

20

21

22

23

24

25

26

27

28

- 32 -

Ringstad & Sanders
LLP
2070 Main Street, 2nd Floor
Irvine, California 92614
949.851.7450

| | |
|---|---|
| In re:  THE OLYMPIC ON GRAND, LLC, a California Limited Liability Company,<br><br>                                                                Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 2:09-10549 ER |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2030 Main Street, 12th Floor
Irvine, CA 92614

The foregoing document described **JAMES MYRON'S AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR THE OLYMPIC ON GRAND, LLC, AS MODIFIED** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 23, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Michael G. Fletcher on behalf of Creditor Vineyard Bank, N.A.
mfletcher@frandzel.com, efiling@frandzel.com, shom@frandzel.com

Bernard R. Given on behalf of Creditor Vineyard Bank, N.A.
bgiven@frandzel.com, efiling@frandzel.com, shom@frandzel.com

Dare Law on behalf of U.S. Trustee (LA)
Dare.law@usdoj.gov

Ron Maroko on behalf of U.S. Trustee (LA)
Ron.maroko@usdoj.gov

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Marc Weitz on behalf of Debtor The Olympic on Grand, LLC
marcweitz@weitzlegal.com

Ronald R. Cohn on behalf of Receiver Robb Evans & Associates LLC
rcohn@horganrosen.com

Faye C Rasch on behalf of Creditor California Bank & Trust as Assignee of Vineyard Bank, N.A.
frasch@frandzel.com, efiling@frandzel.com;bwilson@frandzel.com

☐  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____April 23, 2010_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐  Service information continued on attached page

_This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California._

*January 2009*                                                                                                    **F 9013-3.1**

| | |
|---|---|
| In re:  THE OLYMPIC ON GRAND, LLC, a California Limited Liability Company,<br><br>                                                               Debtor(s). | CHAPTER:  11<br><br>CASE NUMBER:  2:09-10549 ER |

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 23, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**Via Personal Delivery**: The Honorable Ernest M. Robles, United States Bankruptcy Judge, Los Angeles Division, U.S. Bankruptcy Court, Roybal Federal Building, 255 E. Temple Street, Bin outside Suite 1560, Los Angeles, CA 90012-3332

**Via Email**:
Michael G. Fletcher on behalf of Creditor Vineyard Bank, N.A.
mfletcher@frandzel.com, efiling@frandzel.com, shom@frandzel.com

Bernard R. Given on behalf of Creditor Vineyard Bank, N.A.
bgiven@frandzel.com, efiling@frandzel.com, shom@frandzel.com

Dare Law on behalf of U.S. Trustee (LA)
Dare.law@usdoj.gov

Ron Maroko on behalf of U.S. Trustee (LA)
Ron.maroko@usdoj.gov

Marc Weitz on behalf of Debtor The Olympic on Grand, LLC
marcweitz@weitzlegal.com

Ronald R. Cohn on behalf of Receiver Robb Evans & Associates LLC
rcohn@horganrosen.com

Faye C Rasch on behalf of Creditor California Bank & Trust as Assignee of Vineyard Bank, N.A.
frasch@frandzel.com, efiling@frandzel.com;bwilson@frandzel.com

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| April 23, 2010 | Arlene Tavares | *Arlene Tavares* |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**